IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RICARDO VALVERDE,**

      **Plaintiff,**

      v.                                                                    Civ. No. 24-670 JCH/GJF

**TRINITY ENVIRONMENTAL
MANAGEMENT, LLC, and SELECT
WATER SOLUTIONS, INC.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the parties' *Joint Motion for Approval of Settlement* [Doc. 29] and Defendants' *Unopposed Motion for Leave to File Settlement Agreement Under Seal* [Doc. 30]. Finding that Defendants have not stated good cause to seal the settlement agreement, the Court will deny that motion. In light of that ruling, if the parties still wish to seek court approval of their settlement agreement, then they must notify the Court as described herein.

## BACKGROUND

On July 1, 2024, Plaintiff filed his Complaint [Doc. 1] asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the New Mexico Minimum Wage Act ("NMMWA"), NMSA § 50-4-19 et seq. On January 9, 2025, the case settled with the assistance of the magistrate judge. [Doc. 28] The parties now ask the Court to review and approve their settlement agreement under the FLSA to ensure that the case involves a bona fide dispute, the settlement is fair and equitable to all parties, and the settlement includes a reasonable award of attorney's fees. According to the parties, their settlement agreement contains a confidentiality

provision. Therefore, they wish to file their settlement agreement under seal for the Court's *in camera* review.

## DISCUSSION

A.   **Approval of FMLA Settlements**

The text of the FLSA itself does not require court approval for all FLSA settlements, leaving the question open to interpretation. The Supreme Court has not addressed the issue, and Circuit Courts are split as to whether settlements of FMLA claims require district court review. As this Court has previously noted, the Second and Eleventh Circuits have held that parties must present settlements of FLSA claims to the district court to ensure fairness and to effectuate the purpose of the statute. *See, e.g., Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). On the other hand, the Fifth Circuit has concluded that a private settlement agreement containing a release of FLSA claims entered into between a union and an employer waived employees' FLSA claims, even without district court approval or DOL supervision. *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 253-57 (5th Cir. 2012).

The Tenth Circuit has not spoken. However, district courts within the Tenth Circuit have reached varied conclusions, with some requiring approval[1] and others ruling that district court review is not necessary.[2] There are several decisions in the District of New Mexico concluding

---

[1] *See, e.g., Garvey v. SM Energy Co.*, No. 1:23-cv-02508-CNS-TPO, 2024 WL 4866551 at *1 (D. Colo. Nov. 22, 2024) (slip copy); *Faulkner v. Ensign United States Drilling Inc.*, No. 16-CV-03137-PAB-KLM, 2020 WL 550592, at *2 (D. Colo. Feb. 4, 2020).

[2] *See, e.g., Lawson v. Procare CRS, Inc.*, No. 18-CV-00248-TCK-JFJ, 2019WL112781, at *3 (N.D. Okla. Jan. 4, 2019); *Fails v. Pathway Leasing LLC*, No. 18-cv-00308 CMA-NYW, 2018WL6046428 (D. Colo. Nov. 19, 2018).

that court approval is not necessary.[3] However, on occasion the undersigned has reviewed FLSA settlement agreements in collective action cases when all parties have requested that it do so. *See, e.g., Coronado v. Flowers Foods, Inc.*, No. 16-350 JCH/KK, 2022WL2048481 at *1 (D.N.M. June 6, 2022); *Martinez v. Schlumberger Tech. Corp.*, No. 16-CV-00945 JCH/KRS, ECF No. 114 (D.N.M. Sept. 19, 2019). Simply put, while court review does not appear to be required, "there does not appear to be disagreement at this time over whether FLSA settlements *may* be approved by the Court." *Coronado*, 2022 WL 2048481, at *1 (citation omitted); *see also Slaughter v. Sykes Enters., Inc.*, No. 17cv02038 KLM, 2019 WL 529512, at *6 (D. Colo. Feb. 22, 2019) (concluding that, even if court approval is not required, a court may review a settlement upon request of the parties).

**B.   Sealing Court Documents and Proceedings**

The common law and the Constitution afford the public a qualified right of access to judicial records and proceedings. *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-98 (1978). Exceptions exist—for things such as classified information, ongoing investigations, trade secrets, and the identities of minors—but they are inapplicable in this case. Indeed, "a party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1135 (10th Cir. 2011) (citing *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). To overcome that presumption, "the parties must articulate a real

---

[3] *See, e.g., Hawthorn v. Fiesta Flooring, LLC*, No. 19-CV-00019 WJ/SCY, 2020WL3085921, at *1 (D.N.M., June 10, 2020); *Riley v. D. Loves Rests., LLC*, No. 20-CV-1085 WJ/KK, 2021WL1310973, at *1-4 (D.N.M. Apr. 8, 2021) (concluding that court need not approve private settlement of bona fide dispute regarding FLSA liability); *Serna v. Bd. of Cnty. Commissioners of Rio Arriba Cnty.*, No. 17-CV-196 RB/KBM, 2018 WL 4773361, at *4 (D.N.M. Oct. 3, 2018).

and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). The decision whether to seal a court proceeding or document rests within the sound discretion of the trial court, which must weigh the need for secrecy against the public's common law right of access. Those decisions are reviewed for abuse of discretion. *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

In support of their unopposed motion to seal the settlement agreement, Defendants argue that confidentiality is a term of the parties' agreement, and therefore the agreement should be filed under seal. Defendants do not elaborate on the contents of the agreement. For example, they do not state that it contains personal medical information, or private identifying information such as addresses and social security numbers. Some courts are quite lenient regarding sealing of documents, while others require a stronger showing of need. There is quite a bit of variation even within the District of New Mexico. For example, in their brief Defendants cited three FLSA cases from this district in which magistrate judges permitted settlement agreements to be restricted to case participants only. Doc. 30 at 4. However, the undersigned is persuaded by the reasoning in *Hawthorn v. Fiesta Flooring, LLC*, No. 19-CV-00019 WJ/SCY, 2020WL3085921, at *4 (D.N.M., June 10, 2020), an FLSA case filed in the District of New Mexico:

> Because the Court is not required to review the merits of the Settlement Agreements in this case, the Court would agree that the public has no compelling interest in the disclosure of those Agreements and there would be no issue regarding sealing of the Settlement Agreements. However, should the Court undertake a merits review of the Agreements, parties would be required to demonstrate circumstances that would justify permitting the terms and amount of the settlement to remain under seal. The Court is inclined to find such circumstances to be rare, as the very process of a court's merits review would tend to expose the details of an agreement's terms and conditions.

*See also Riley v. D. Loves Rests., LLC*, No. 20-CV-1085 WJ/KK, 2021WL1310973, at *1-4 (D.N.M. Apr. 8, 2021) (concluding that court need not approve private settlement of bona fide dispute regarding FLSA liability, but if the parties wish for the court to undertake that review under seal, they would need to make the requiring showing to overcome the presumption that the public has a right of access to court records).

Under the circumstances of this case, the Court concludes that Defendants have not made an adequate showing to overcome the presumption that the public has a common law right to access judicial records or that they have a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. This is often the case in FLSA settlements. *See Garvey v. SM Energy Co.*, No. 1:23-cv-02508-CNS-TPO, 2024 WL 4866551 at *3 (D. Colo. Nov. 22, 2024) (unpublished) ("Confidentiality provisions generally contravene the purpose of the FLSA."); *Dolores v BJS, Inc.*, No. 17-2224-JWL, 2017 WL 4573311 at *1 (D. Kan. Oct. 13, 2017) (unpublished) ("in the FLSA context, [the parties'] concern for confidentiality must be balanced against the general presumption of public access to judicial records, including a settlement agreement approved by a court."); *Stubrud v. Daland Corp.*, No. 14-2252-JWL, 2015 WL 5093250, at *1 (D. Kan. Aug. 28, 2015) (recognizing the "broad consensus that FLSA settlement agreements should not be kept confidential").

Accordingly, the motion to seal will be denied.

**C.** **Conclusion**

The Court concludes that while judicial approval of FLSA settlements is not required under current Tenth Circuit law, courts may conduct such review when requested by the parties. Given the common law preference for public proceedings, in most cases that review typically should not be conducted *in camera* unless the parties demonstrate a substantial privacy interest that outweighs

the public's interest in access to judicial records. In this case, because the parties may not file their settlement agreement under seal, they now must decide if they still wish for the Court to review the merits of their settlement agreement.

**IT IS THEREFORE ORDERED** that the *Unopposed Motion for Leave to File Settlement Agreement Under Seal* [Doc. 30] is **DENIED** and the Court defers ruling on the *Joint Motion for Approval of Settlement* [Doc. 29].

**IT IS FURTHER ORDERED** that no later than **February 21, 2025**, the parties must file a Joint Notice indicating whether they still wish for the Court to review the merits of their settlement agreement. If the parties no longer wish for the Court to review the merits of the settlement agreement, they should include in their Joint Notice that they are withdrawing their Joint Motion for Approval of Settlement, that all claims have been resolved, and that they either stipulate to dismissal of the case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) or intend to move for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).

_____
**UNITED STATES DISTRICT JUDGE**